F I L E D
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 2 7 2002

Robert M. March
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

HERLINDA C. MAYO

    Plaintiff,

vs.                                                                             CIV NO. 02-0222 ELM/RLP

FOWLER FITNESS, INC., (d/b/a Defined
Fitness),

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before me on a Motion to Dismiss for failure to state a claim upon which relief can be granted. Defendant Fowler Fitness, Inc. brings this motion pursuant to Fed. R. Civ. P. 12 (b)(6).

Federal Rule of Civil Procedure 8 (a)(2) states that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." All that is required of the complaint is that it "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Applying this standard to the First Amended Complaint, I find that the pleading is minimally adequate to state its claims and the grounds upon which they rest and to give the Defendant fair notice of the claims. Therefore, I find that I cannot grant the Motion to Dismiss the Amended Complaint pursuant to



Fed. R. Civ. P. 12 (b)(6).

The Supreme Court of the United States has recently held that in an employment discrimination case all that is required to state a claim upon which relief can be granted is a short and plain statement of the claim which gives fair notice to the defendant. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). In that case, the Court below, the Court of Appeals for the Second Circuit, had affirmed the district court's dismissal of the employment discrimination complaint on the basis that it failed to state a claim upon which relief could be granted. The district court found that the complaint failed to allege the facts which would state a prima facie case of employment discrimination under the *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973), standard. The Supreme Court, however, held that the Motion to Dismiss was not the proper mechanism to determine whether a plaintiff could allege facts which would tend to show a prima facie case of employment discrimination. "The prima facie case under McDonnell Douglas, ... is an evidentiary standard, not a pleading requirement." *Swierkiewicz, supra* at 510. "[U]nder a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case." *Id.*, at 511.

Plaintiff Mayo has pled six counts in her Amended Complaint - discrimination based upon her national origin, retaliation for conduct which was statutorily protected, a breach of either an implied or an express contract of employment, a breach of the implied covenant of good faith and fair dealing, age discrimination and wrongful discharge. Defendant has argued that there were no adverse employment actions taken against Plaintiff, that there is no evidence of discriminatory or retaliatory action taken against Plaintiff, that an employment contract did not exist between Plaintiff and Defendant and that Defendant did not terminate Plaintiff's

employment. These may well be valid arguments and could easily be supported by affidavits, documents and other evidence attached to a Motion for Summary Judgment. As the Supreme Court has noted, "it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test [in a Motion to Dismiss under Fed. R. Civ. P. 12 (b)(6)]. *Scheuer v. Rhodes*, 416 US, 232, 236 (1974).

In conclusion, I find that the Motion to Dismiss the First Amended Complaint for failure to state a claim upon which relief can be granted is DENIED.

_____
SENIOR UNITED STATES JUDGE