IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HERLINDA C. MAYO,

    Plaintiff,

vs.                                                                                                                No. CIV 02-0222 JB/RLP

FOWLER FITNESS, INC.,
(d/b/a Defined Fitness),

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. The primary issues presented are: (i) whether the Plaintiff, Herlinda Mayo ("Mayo") failed to exhaust her administrative remedies with the Equal Employment Opportunity Commission ("EEOC") for the retaliation claims set forth in Count II of the First Amended Complaint for Damages; and (ii) whether the statute of limitations bars all claims related to the Group Fitness Director position. Because the Court concludes that Mayo did not exhaust her administrative remedies for the retaliation claim and did not timely file her claims related to the Group Fitness Director position, the Court grants the motion and dismisses those claims.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant Fowler Fitness, Inc. owns and operates a fitness club d/b/a Defined Fitness ("Defined Fitness"). Mayo is a former Defined Fitness employee. Defined Fitness hired Mayo on or about September 14, 1999 as a part-time water aerobics instructor.

In her Amended Complaint, Mayo alleges that, during her employment, Defined Fitness denied her the opportunity to work as the Group Fitness Director based upon her national origin, her

age, and in retaliation for objecting to discrimination against a minority employee. Mayo filed her Charge of Discrimination with the EEOC and the New Mexico Human Rights Division on July 23, 2001. See Vol. II Deposition of Herlinda Mayo at 45, lines 21-25, to p. 46, lines 1-9 (taken March 29, 2003); Charge of Discrimination (filed July 23, 2001). Mayo's Charge of Discrimination indicates that the alleged violations occurred during the time period between June 1, 2001 and July 12, 2001. See Charge of Discrimination .

Mayo did not check the box labeled "retaliation" on her Charge of Discrimination form, although she did check the "age" and "national origin" boxes. Mayo's narrative description of the alleged harm she suffered does not specifically refer to any "retaliation." See Charge of Discrimination at ¶ I. Mayo's Charge of Discrimination thus does not, on its face, contain any allegation of retaliation. See id..

Mayo filed an affidavit with the EEOC in support of the Charge of Discrimination. It too does not, on its face, contain any allegation of retaliation. See EEOC Affidavit of Herlinda Mayo (dated July 23, 2001). The Notice of Charge of Discrimination prepared by the EEOC confirms that the alleged violations occurred during the time period between June 1, 2001 and July 12, 2001. See Notice of Charge of Discrimination (filed July 23, 2001). The Notice of Charge does not, on its face, contain any allegation of retaliation. See Notice of Charge.

In the beginning of June, 2000, Defined Fitness posted notification at all of its fitness facilities, advertising that Defined Fitness was accepting applications for the position of Group Fitness Director. See Affidavit of Shannon Moore ¶¶ 5-6, at 1 (dated May 29, 2003); Affidavit of Pattie Poindexter ¶ 6, at 1 (dated May 29, 2003). According to the posted notice, all applications and resumes for the Group Fitness Director position were required to be submitted to the Human Resources Director by

5:00 p.m. on Friday, June 16, 2000.  See Moore Affidavit ¶ 7, at 1.  Formal interviews were scheduled for all Group Fitness Director applicants during the time period between Wednesday, June 21, 2000 and Friday, June 23, 2000.  See Vol. I Mayo Depo. at 30, lines 13-25, to p. 31, lines 3-5; Moore Affidavit ¶ 9, at 1.

Mayo was offered an interview for the Group Fitness Director position during the interview period, to be set on Friday, June 23, 2000.  See Vol. I Mayo Depo. at 30, lines 17-18; Moore Affidavit ¶ 10, at 2.  Mayo rejected Defined Fitness' proposed date and time for her Group Fitness Director interview.  See Vol. I Mayo Depo. at 30, lines 18-25; Moore Affidavit ¶ 11, at 2.  Defined Fitness did not permit applicants to interview for the Group Fitness Director position outside of the designated interview period.  See Vol. I Mayo Depo. at 31, lines 6-17; Moore Affidavit ¶ 12, at 1-2.

Pattie Poindexter, an Hispanic female, received the position of Group Fitness Director after timely applying for the position and participating in the interview process during the interview period. See Moore Affidavit ¶¶ 13-15, at 2; Poindexter Affidavit ¶¶ 7-12, at 1-2.

Mayo filed suit against Defined Fitness with claims for age and national origin discrimination, and for breach of contract.  On May 17, 2002, Mayo filed her First Amended Complaint for Damages, setting forth six separate counts, including a new claim for retaliation outlined in Count II.

## STANDARDS FOR DECIDING MOTION

A court cannot hear a case if it does not have jurisdiction.  See Fed. R. Civ. P. 12(b)(1).[1] "Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so." Cheromiah v. United States, 55 F. Supp. 2d 1295, 1297 (D.N.M. 1999)

---

[1] Defined Fitness styles its motion as one under rule 12(b)(1).  "[E]xhaustion is jurisdictional in this circuit." Welsh v. City of Shawnee, 1999 U.S. App. LEXIS 11251, at *7 n.2 (10th Cir. June 1, 1999) (citing Jones v. Runyon, 91 F.3d 1398, 1399 & n.1 (10th Cir. 1996)).

(Vázquez, J.) (citing Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994)). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).

The party seeking to invoke a federal court's jurisdiction has the burden of establishing that such jurisdiction exists. See New Mexicans for Bill Richardson v. Gonzalez, 64 F. 3d 1495, 1499 (10th Cir. 1995); Penteco Corp. v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991).

Motions to dismiss for lack of subject matter jurisdiction filed under rule 12(b)(1) of the Federal Rules of Civil Procedure typically take one of two forms: a facial challenge or a factual challenge. See Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995).[2] A factual attack on the subject matter jurisdiction challenges the facts upon which subject matter jurisdiction depends. See id. at 1003. In reviewing a factual attack on subject matter jurisdiction, a court may not presume the truthfulness of the complaint's factual allegations but must go beyond the allegations and evaluate the evidence that the parties present. See id. "Where a Rule 12(b)(1) motion challenges a complaint's jurisdictional allegations by relying on affidavits or other evidence, 'it then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.'" McDonald v. Corrections Corp. of America, 181 F. Supp. 2d 1274, 1279-80 (D.N.M. 2002)(Baldock, Circuit

---

[2] While Holt did not involve a Title VII failure to exhaust administrative remedies claim, the Tenth Circuit has cited Holt's language regarding facial and factual challenges to subject matter jurisdiction in a case involving a question of failure to exhaust administrative remedies under Title VII. See Sizova v. National Inst. of Standards & Tech., 282 F.3d 1320, 1324 (10th Cir. 2002); see also McDonald v. Corrections Corp. of America, 181 F. Supp. 2d 1274, 1276 (D.N.M. 2002)(applying the distinction between facial and factual challenges to a Title VII case; "A party challenging jurisdiction in a 12(b)(1) motion may make either a facial attack on the complaint's allegations, or may go beyond the complaint's allegations and challenge the facts upon which jurisdiction is based..")

Judge, sitting by designation as trial judge) (quoting New Mexicans for Bill Richardson v. Gonzales, 64 F.3d at 1499).

A court has wide discretion to allow affidavits and other documents to resolve disputed jurisdictional facts under rule 12(b)(1). See Holt v. United States, 46 F.3d at 1003. In such instances where the parties submit evidence outside of the pleadings, a court's reference to that evidence does not convert the motion to a rule 56 motion. See id. at 1003 (citing Wheeler v. Hurdman, 825 F.2d 257, 259 n.5 (10th Cir. 1987), cert. denied, 484 U.S. 986 (1987)). A court is required to convert a rule 12(b)(1) motion to dismiss into a rule 12(b)(6) motion or a rule 56 motion for summary judgment motion when "resolution of the jurisdiction question is intertwined with the merits of the case." Id. "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." Id.

In this case, the jurisdictional question is not intertwined with the merits of the case. The focus in determining whether the jurisdictional question is intertwined with the substantive claim is "'whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim.'" Sizova v. National Inst. of Standards & Tech., 282 F.3d at 1324 (quoting Pringle v. United States, 208 F.3d 1220, 1223 (10th Cir. 2000)). Resolving whether Mayo actually filed a Charge of retaliation will not resolve the substantive claim of whether retaliation occurred. Mayo does not contend that the jurisdictional question is intertwined with the merits of the case or that the Court should treat the motion as one under 12(b)(6) or rule 56. The Court will, therefore, treat the motion to dismiss the retaliation claim as one under rule 12(b)(1) and not as one under rule 12(b)(6) or one for summary judgment under rule 56.

5

Mayo also does not dispute any of the facts that Defined Fitness presents for the Court to use to determine its jurisdiction. Nor does she dispute that she must meet all statutory prerequisites, such as exhaustion of administrative remedies. See Response at 2 (citing Hart v. Department of Labor, 116 F.3d 1338 (10th Cir. 1997))(a Tort Claims Act case, which, at page 1339 states "Proper presentation of the administrative claim is a jurisdictional prerequisite to suit, one which the courts have no authority to waive."). Instead, Mayo argues that her burden is not a heavy one. See Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1260-61 (11th Cir. 1997) (observing that it is extremely difficult to dismiss a claim for lack of subject matter jurisdiction).[3] Mayo contends that, to establish subject matter jurisdiction, she need only show that she has a non-frivolous federal law claim. Mayo then argues that, because her retaliation claim is not "clearly meritless," this Court has subject matter jurisdiction with respect to that claim. In support of these arguments, Mayo relies upon Hagans v. Lavine, 415 U.S. 528, 536-38 (1974)(holding that, typically for a claim to be considered frivolous, it must be unsubstantial and clearly devoid of merit), and Boock v. Shalala, 48 F.3d 348, 353 (8th Cir. 1995).

Mayo contends that she meets this standard because, in her Complaint, she alleges claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. Because these are federal statutes, she contends, she is entitled to invoke the Court's jurisdiction. Mayo argues that even a claim that is "clearly meritless" is not so patently frivolous that it fails to confer subject matter jurisdiction. See Response at 2 (citing Boock v. Shalala, 48 F.3d at 353). She contends that, in this case, the claims made under federal law are not "clearly meritless," but even if

---

[3] In Garcia, the United States Court of Appeals for the Eleventh Circuit determined that the jurisdictional question under the Age Discrimination in Employment Act was intertwined with the merits of the case and, thus, the court applied a summary judgment standard in resolving the rule 12(b)(1) motion before that court.

they were, they would still be enough to grant this Court jurisdiction over this case. See Response at 2.

Boock and Hagans do not provide the appropriate guidance for this motion. Both Boock and Hagans involved facial attacks on the complaint, not factual attacks, as that raised here. A facial challenge is an attack on jurisdiction that questions the sufficiency of the complaint. See United States v. Rodriguez-Aguirre, 264 F.3d 1195, 1203 (10th Cir. 2001)(citing Holt v. United States, 46 F.3d at 1002)). In reviewing a facial attack, the court must accept the allegations in the complaint as true. See United States v. Rodriguez-Aguirre, 264 F.3d at 1203. However,

> a party may go beyond the allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. In addressing a factual attack, the court does not presume the truthfulness of the complaint's factual allegations, but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

Id. (internal quotation marks and citations omitted). This distinguishing characteristic between the two jurisdictional challenges is confirmed in Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1260-61 (11th Cir. 1997), a case upon which Mayo relies.

In this case, Defined Fitness has raised a factual attack on subject matter jurisdiction, not a facial attack. Because Defined Fitness challenged the jurisdictional allegations by relying upon affidavits and other evidence, "'it then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.'" McDonald v. Corrections Corp. of America, 181 F. Supp. 2d at 1279 (quoting New Mexicans for Bill Richardson v. Gonzales, 64 F.3d at 1499)). Mayo's Response does not provide any such affidavits or other evidence that controverts the contents of Defined Fitness' motion and brief.

**I.    MAYO FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES WITH RESPECT TO HER CLAIM FOR RETALIATION IN COUNT II OF THE AMENDED COMPLAINT.**

Before filing a Title VII suit in federal court, a plaintiff must first exhaust her administrative remedies.  See Seymore v. Shawver & Sons, Inc., 111 F.3d 794, 799 (10th Cir. 1997).  This requirement is non-discretionary.  Simms v. Oklahoma ex rel. Dept. of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1990).  To meet this exhaustion requirement with respect to her retaliation claim, Mayo must show either: (i) that she received a right to sue letter from the EEOC based upon a timely filed charge of retaliation, or (ii) that her retaliation claim comes within an exception to the exhaustion requirement.  See McDonald v. Corrections Corp. of America, 181 F. Supp. 2d at 1276.    In this case, there is no evidence that Mayo received a notice of right to sue letter with respect to her claim of retaliation.  Mayo did not present such a claim to the EEOC.  The EEOC did not investigate the retaliation claim.  Further, Mayo's retaliation claim does not fall within any of the recognized exceptions to the exhaustion requirement.

Pursuant to statutory requirements, "charges [filed with the EEOC] shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires."  42 U.S.C. § 2000e-5(b).  The EEOC's regulations also require that "[a] charge shall be in writing and signed and shall be verified."  29 C.F.R. § 1601.9.  In this matter, the only document filed with the EEOC that meets these statutory requirements is Mayo's Charge of Discrimination.  And Mayo's Charge of Discrimination does not, on its face, include a retaliation claim.

In McDonald v. Corrections Corp. of America, Judge Baldock addressed a similar issue in a case with facts similar to those here.  In deciding that the plaintiff in that case failed to exhaust her administrative remedies for a gender discrimination claim, Judge Baldock stated:

> Plaintiff's charge is set forth on an EEOC form which contains boxes for the charging party to check as the basis for her EEOC charge. Following the row of boxes for the charging party to check is space for the party to describe the factual allegations of her charge. The form has boxes for race, color, sex, national origin, age, retaliation, and disability.

181 F. Supp. 2d at 1277. In dismissing the plaintiff's gender discrimination claim for lack of jurisdiction, Judge Baldock noted that the "Plaintiff checked the boxes for national origin, age, and retaliation, but did not mark the box labeled 'sex.'" Id. The employee also failed to include any allegations of sex discrimination in the narrative portion of her Charge of Discrimination. See id.

In this case, the Charge of Discrimination signed and verified by Mayo contains the same row of boxes for her to check as the basis for her EEOC charge. Mayo checked the boxes for "age" and "national origin," but not the "retaliation" box. Mayo's omission "is not dispositive, [but] it certainly creates a presumption that she was not asserting claims represented by boxes not checked." Gunnell v. Utah Valley State Coll., 152 F.3d 1253, 1260 (10th Cir. 1998).

Additionally, Mayo's narrative portion of the Charge of Discrimination form does not describe any retaliation or indicate that Mayo was seeking a charge of retaliation against Defined Fitness. As in Gunnell and McDonald, the text of Mayo's Charge does not rebut the presumption that Mayo was not asserting a retaliation claim.

The official Charge of Discrimination is "the primary, and usually the only, place to which courts look to determine whether a plaintiff timely and properly exhausted her claims before the EEOC." McDonald v. Corrections Corp. of America, 181 F. Supp. 2d at 1278 (quoting Welsh v. City of Shawnee, 182 F.3d 934 (table decision), 1999 U.S. App. LEXIS 24700 (10th Cir. June 1, 1999)(unpublished)). Despite this general rule, a court may consider other charges "'outside the body of the charge' where (1) 'it is clear that the charging party intended the agency to investigate the

9

allegation,' or (2) 'the EEOC negligently handled the claim.'" McDonald v. Corrections Corp. of America, 181 F. Supp. 2d at 1278 (quoting Smith v. Board of County Comm'rs., 96 F. Supp. 2d 1177 (D. Kan. 2000)(internal citations omitted)(citing Welsh v. City of Shawnee, 1999 U.S. App. LEXIS 24700 at *5).  Here, there is not anything on the face of the Charge of Discrimination to suggest that Mayo intended the EEOC to investigate any claim of retaliation.  Mayo's official Charge of Discrimination does not contain anything from which anyone could reasonably infer retaliation allegations.   Similarly, neither Mayo's EEOC Affidavit nor the EEOC Notice of Charge of Discrimination contain statements from which anyone could reasonable infer retaliation allegations.  Even if Mayo had intended – before contacting the EEOC – to make a retaliation charge, her sworn statements and the EEOC documentation related to her allegations -- all generated at Mayo's first meeting with the EEOC on July 28, 2001 -- effectively negated that intent.

The documents that Mayo proffers do not provide evidence that Mayo raised her retaliation claim at any time during the EEOC process.  In fact the documents attached to Mayo's Response -- the Charge of Discrimination and Mayo's EEOC Affidavit -- support Defined Fitness' position that Mayo did not raise a retaliation claim with the EEOC.  Thus, there is not a dispute about any of the facts.

From these documents – the Charge of Discrimination and her EEOC Affidavit – Mayo argues that she exhausted her retaliation claim with the EEOC by stating that "any 'reasonable reader' should understand that Plaintiff was describing a retaliation claim in her Charge of Discrimination." Response at 3. In support of this statement, Mayo refers the Court to the narrative portion of her Charge of Discrimination, which reads:  "I was terminated from my position of Water Aerobics

10

Instructor." Id.  This statement, however, is insufficient for this Court to interpret the Charge as raising a claim of retaliation.

Mayo's Response, her Charge of Discrimination, and her EEOC Affidavit make no reference to any prior statutorily protected activities in which Mayo engaged and no reference to Mayo reporting any such activities to her employer.  Aside from the previously indicated statement, Mayo provides no other evidence in support of her claim that she raised a retaliation claim with the EEOC. Mayo therefore has failed to demonstrate that she exhausted her administrative remedies pertaining to the retaliation claim.

Mayo quotes the language of Gunnell v. Utah Valley State College:

> Here, that presumption was not rebutted by the text of her claim because the prose she used to describe her claim did not clearly set forth a sexual discrimination claim. A reasonable reader would understand that her mention of sex discrimination was merely a prelude, an explanation leading up to the gist of her complaint of retaliation.

152 F.3d at 1260.  In that case, the plaintiff, Rosalie Gunnell, filed a claim with the EEOC alleging only a retaliation claim.  See id.  Subsequently, Gunnell sought to raise a claim of sexual discrimination when she filed her complaint with the district court.  See id. at 1258-59.

Mayo apparently relies on Gunnell v. Utah Valley State College for the proposition that the mention of sex discrimination in an EEOC Charge of Discrimination could reasonably place a person on notice that a claim of retaliation was also being made.  Gunnell does not, however, support such an interpretation, and, indeed, the Tenth Circuit in Gunnell actually stated otherwise.  The Tenth Circuit indicated that the mention of the sex discrimination in Gunnell's Charge of Discrimination would lead a reasonable reader to conclude that the mention of sex was nothing more than facts to

11

support her retaliation claim, not a claim of sexual discrimination itself. See id. Thus, Mayo cannot properly rely on Gunnell to have the Charge here say something it does not say.

Furthermore, the ultimate finding of Gunnell is distinguishable from the case here. Gunnell filed a supplemental document with the EEOC alerting the parties that she as raising a claim of sexual discrimination. See id. Mayo did not file any such document in this pending case, nor has she asserted that such supplementation was made with the EEOC.

Unable to deal with the consequences of Gunnell, Mayo then seeks to avoid the responsibilities that Gunnell imposes on her and argues that, notwithstanding Gunnell, the Court should not dismiss her retaliation claim because of who she is. Specifically, Mayo argues that she is not an attorney, she filed her Charge of Discrimination *pro se*, and that English is not her first language. See Response at 3. Mayo argues that a layperson with a tenuous hold on the English language could reasonably not understand the term "retaliation," but still in good faith bring a claim for it. Id..

Mayo offers no support for these assertions. Defined Fitness, her employer for twenty-two months, states that, throughout her employment with it, she effectively communicated in English, both verbally and in writing. A review of the deposition pages submitted by the parties shows that, during the course of this litigation, Defined Fitness took Mayo's deposition in English and that Mayo manifested that she understood and answered the questions being asked of her, including the questions related to retaliation. See Vol. II Mayo Depo. at pp. 42-49; Vol. I Mayo Depo. at pp. 30-33. There is no basis to infer that she was not aware of her claims at the time she filed her Charge with the EEOC. Also, Defined Fitness contends that, throughout the EEOC process, Mayo continuously consulted with legal counsel.

Moreover, Mayo offers no legal authority to support her suggestion that she should not be held to the same standard as other applicants based upon her alleged inability to understand the term "retaliation." The Tenth Circuit has held that "[a] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point." Phillips v. Calhoun, 956 F.2d 949, 952 (10th Cir. 1990)(internal quotation marks and citation omitted). The Court is not aware of any authority creating a dual standard depending on an employee's first language. Accordingly, the Court declines to speculate as to the possible legal bases for Mayo's argument.

Because Mayo asserts that she did include the retaliation claim in her Charge, she does not expressly contend that her unexhausted claim for retaliation is "like or reasonably related" to the allegations in her timely filed EEOC charge for which she received a right to sue letter and therefore attempt to invoke the exception in Simms v. Oklahoma ex rel. Dept. of Mental Health & Substance Abuse Servs., 165 F.3d at 1327. Even if, however, her Response could be interpreted as so arguing, the exception would not be applicable. Under the exception, this Court may consider claims not expressly included in a charge of discrimination if the alleged conduct would "fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made." Martin v. Nannie & the Newborns, Inc., 3 F.3d 1410, 1416 n. 7 (10th Cir. 1993). Mayo's retaliation claim, however, is not reasonably related to her claims of national origin discrimination or age discrimination.

The retaliation claim is based upon Mayo allegedly engaging in statutorily protected conduct on behalf of another individual and complaining of the theft and break-in of her vehicle by an unknown party not affiliated with Defined Fitness. Such a claim cannot be reasonably inferred from

13

allegations related to discrimination against Mayo on the basis of her age or national origin. Instead, this claim is separate and unique from those charges.

Additionally, "[i]f the unexhausted discriminatory act occurs prior to the EEOC filing, and plaintiff fails to allege the act or claim in the charge, the act or claim ordinarily will not reasonably relate to the charge." McDonald v. Corrections Corp. of America, 181 F. Supp. 2d at 1279 (citing Seymore v. Shawver & Sons, Inc., 111 F.3d at 799). Like the employees in McDonald and Seymore, Mayo was aware of the facts allegedly supporting her retaliation claim before she signed the verified charge with the EEOC. She did not file her charge until after Defined Fitness discharged her. Despite this fact, Mayo failed to check the retaliation box on the EEOC Charge form, and she made no reference to retaliation in the body of the Charge.

It follows from these undisputed facts that the Court lacks jurisdiction over Mayo's newly asserted retaliation claims. Those claims are not reasonably related to her exhausted EEOC claims.

There is no evidence supporting any inference that Mayo's retaliation charge was omitted through the EEOC's error or negligence. Mayo has not met her burden for establishing that this Court has jurisdiction over the retaliation claim. The Court lacks jurisdiction over that claim, and the Court will dismiss it.[4]

---

[4] While Defined Fitness asks that the Court dismiss the retaliation claim with prejudice, "a dismissal based on Rule 12(b)(1) is 'without prejudice.'" Moody v. United States, 202 F.3d 282, 1999 WL 1127634, *2 (10th Cir. 1999)(unpublished). "Moreover, it is well established summary judgment is an inappropriate vehicle for raising a question concerning the subject matter jurisdiction of the court." Id. (citing Thompson v. United States, 291 F.2d 67, 68 (10th Cir.1961); 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2713, at 235 (3d ed. 1998).

## II.  MAYO'S CLAIMS WITH RESPECT TO THE GROUP FITNESS DIRECTOR POSITION ARE TIME BARRED.

In Defined Fitness' moving papers, Defined Fitness argued that Mayo failed to timely file a charge of discrimination with the EEOC related to her alleged denial of the Group Fitness Director position. Defined Fitness argued that, as a result of Mayo's failure to timely file a charge on this action, her claim was time barred. In support of this contention, Defined Fitness provided affidavits and other evidence to the Court.

Mayo's Response is silent on this issue. Mayo puts forth no argument, legal authority, supporting evidence, affidavits, or other documents to contest Defined Fitness' contention on this issue. As a result, Mayo has failed to meet her burden to show that this Court has jurisdiction over the claims related to the Group Fitness Director position.

Additionally, under local rule 7.1, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-Civ. 7.1. Thus, by not responding to Defined Fitness' motion on this particular issue, Mayo waived her right to controvert the facts and arguments that Defined Fitness advances.

While the Tenth Circuit has held that exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII, see e.g., Woodman v. Runyon, 132 F.3d 1330, 1341 (10th Cir. 1997); Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996), the Court of Appeals has been "careful to distinguish in Jones between a failure to timely file an administrative charge, which is not jurisdictional, and a failure to file an administrative charge at all, which is a jurisdictional bar." Sizova v. National Inst. of Standards & Tech., 282 F.3d at 1325. See Jones v. Runyon, 91 F.3d at 1399 n.1 (citing Zipes v. TWA, Inc., 455 U.S. 385, 393 (1982) (holding that timely filing before EEOC not

15

jurisdictionally required to sue in district court).  Thus, the Court considers Defined Fitness' motion as a motion for summary judgment under rule 56,[5] this Court's analysis cannot stop there.  As the Tenth Circuit stated in Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002):

> A party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party.  The district court must make the additional determination that judgment for the moving party is "appropriate" under Rule 56.  Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or controvert the facts asserted in the summary judgment motion.  The court should accept as true all material facts asserted and properly supported in the summary judgment motion.  But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.

312 F.3d at 1195.

Although not set forth within the Complaint, during the course of the discovery process, Mayo has alleged that she was discriminated against when denied the promotion to the position of Group Fitness Director.  As a result of Mayo's failure to argue and demonstrate the existence of any dispute of material fact, Mayo does not dispute the following facts.  First, Defined Fitness posted the position of Group Fitness Director in the beginning of June, 2000.  Second, pursuant to the posted notice, all applications and resumes were accepted through Friday, June 16, 2000.  Third, all interviews for the position were held between June 21, through June 23, 2000.  Fourth, Defined Fitness offered Mayo an interview during the interview period, but she rejected the opportunity. Fifth, the Defined Fitness filled the Group Fitness Director position with applicant Poindexter on

---

[5] Notably, Mayo attached documents to her Response to support her position in this matter.  The Tenth Circuit has held that, "when a party [references] material beyond the pleadings in support of or opposing a motion to dismiss, the prior action on the part of the parties puts them on notice that the judge may treat the motion as a Rule 56 motion." Wheeler v. Hurdman, 825 F.2d at 260.

July 5, 2000. Sixth, Poindexter assumed her duties as Group Fitness Director on July 28, 2000. There is also no dispute that Mayo did not file her Charge of Discrimination with the EEOC alleging discrimination until July 23, 2001, more than 300 days after the alleged discriminatory act.

In New Mexico, because the state has statutorily prohibited discrimination on the basis of national origin and age, Title VII and the ADEA require that Mayo file her EEOC charge within 300 days of the alleged discrimination. See 42 U.S.C. § 2000e5(e)(1)(for Title VII claims); 29 U.S.C. §§ 262(d)(2), 633(b)(for ADEA claims). As the Supreme Court of the United States has recognized, "[s]trict adherence to [these timely filing requirements] is the best guarantee of evenhanded administration of the law." National RR Passenger Corp. v. Morgan, 536 U.S. 101, 108 (2002)(Title VII case)(quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)). Thus, an individual has no choice but to file a charge within 300 days after the act occurred.

The issue is when did the discriminatory act occur. The Supreme Court has stated: "A discrete retaliatory or discriminatory act 'occurred' on the day it 'happened.' A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it." National RR Passenger Corp. v. Morgan, 536 U.S. at 110.

The Supreme Court in National RR Passenger Corp. v. Morgan stated: "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" Id. at 114. The alleged denial of the promotion to the Group Fitness Director position constitutes a "discrete act." This act can be identified as the Supreme Court instructed in National RR Passenger Corp. v. Morgan.

When Defined Fitness denied Mayo the Group Fitness Director position, she knew, or reasonably should have known that Defined Fitness had violated her rights. See Robbins v. Jefferson

17

County Sch. Dist. R-1, 186 F.3d 1253, 1257 (10th Cir. 1999)(declining to consider allegations outside the 300 day period that occurred before the plaintiff's EEOC complaint where plaintiff "demonstrated awareness of her obligation 'to file promptly or forfeit her claim.'")(quoting Mascheroni v. Board of Regents of the Univ. of California, 28 F.3d 1554, 1562 (10th Cir. 1994)). Thus, the law permits Mayo to file a charge to cover only those discrete acts that occurred within the 300 day filing period. See National RR Passenger Corp. v. Morgan, 536 U.S at 114.

The date of the discrete act of the failure to promote Mayo to the position of Group Fitness Director could be attributed to several different dates. The date could be construed as being July 5, 2000. This date is when Defined Fitness gave Poindexter an official notification, awarding her the position.

Providing Mayo with the benefit of the doubt, the date could be July 28, 2000. This date was when Poindexter officially began working as the Group Fitness Director. Using either the July 5th date or the most favorable date of July 28, Mayo failed to timely file her charge with the EEOC with respect to the Group Fitness Director position. To timely make a claim for this position, Mayo needed to file with the EEOC no later than May 24, 2001. There is no dispute that Mayo did not file with the EEOC until July 23, 2001, sixty days after the deadline for this claim.

Notably, Mayo's Charge of Discrimination limits the time period within which discrimination occurred to a six week time period from June 1, 2001 through July 12, 2001. Nevertheless, Mayo's Complaint alleges that she suffered from numerous discriminatory and retaliatory acts from the date that Defined Fitness hired her through the date she resigned her employment. Only incidents that took place within the 300 day filing period are actionable. All prior discrete discriminatory acts are untimely filed and no longer actionable. See id. at 115.

The Court need not decide on this motion what all is discrete, what all was timely filed, and what all is left for trial. The present motion only requires that the Court decide the claims related to the denial of the Group Fitness Director position. Defined Fitness is entitled to judgment as a matter of law. The Court will dismiss with prejudice any and all of Mayo's claims related to the denial of the Group Fitness Director position, as they are time barred.[6]

**WHEREFORE, IT IS ORDERED** that the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is granted, and the Plaintiff's claims for retaliation are dismissed. It is further ordered that the Plaintiff's claims for the alleged denial of the Group Fitness Director position are dismissed with prejudice.

_____
United States District Judge

Counsel:

Sam Bregman
THE BREGMAN LAW FIRM, P.C.
Albuquerque, New Mexico

*Attorney for the Plaintiff*

Bryan T. Fox
WOLF & FOX, P.C.
Albuquerque, New Mexico

*Attorney for the Defendant*

---

[6] "We agree dismissals under summary judgment are 'with prejudice' and may preclude any subsequent action in the district court." Moody v. United States, 202 F.3d 282, 1999 WL 1127634 at *2 (citing Wheeler v. Hurdman, 825 F.2d 257, 259 n.5 (10th Cir.) cert. denied, 484 U.S. 986 (1987).