IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HERLINDA C. MAYO,

       Plaintiff,

vs.                                                            No. CIV 02-0222
JB/RLP

FOWLER FITNESS, INC.,
(d/b/a Defined Fitness),

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Motion to Allow Plaintiff

Submit Evidence Exh[i]bit Not Included in Depositions in Order to State Supporting Facts, Title VII,

filed March 9, 2004 (Doc. 126); and (ii) the Plaintiff's Motion to Exceed the Page Limit in Plaintiff

Evidentiary Deposit[i]ons, filed March 9, 2004 (Doc. 127).

## PROCEDURAL BACKGROUND

The Court dismissed Mayo's First Amended Complaint for Damages (Doc. 18) with prejudice

and then entered a Final Judgment, on October 8, 2003 (Doc. 100). The Court based that final

judgment upon the Court's rulings set forth in the Memorandum Opinion and Order, filed on August

27, 2003 (Doc. 90), which granted Defined Fitness's Motion to Dismiss for Lack of Subject Matter

Jurisdiction (Doc. 70), and in the Memorandum Opinion and Order, filed on October 8, 2003 (Doc.

99), which granted Defined Fitness's Motion for Summary Judgment (Doc. 72).

On November 7, 2003, Defined Fitness filed its Motion for Attorney's Fees and Costs (Doc.

102). On February 26, 2004, the Court heard oral argument on Defined Fitness' Motion for

Attorney's Fees and Costs.  At the February 26, 2004 hearing, the Court orally granted Mayo the opportunity to submit additional documentation to the Court for the Court's consideration related to her arguments raised at the hearing in opposition to Defined Fitness's Motion for Attorney's Fees and Costs.  The Court also orally granted in part Defined Fitness's motion, subject to a calculation of fees and costs consistent with the Court's oral ruling.

On March 9, 2004, Mayo filed two motions.  In her first motion, Mayo moves the Court to allow submission of documents not heretofore submitted as exhibits.  Mayo contends that these evidentiary documents could help her state facts supporting her Title VII discrimination claim.  Mayo concedes that she is seeking to add these documents to avoid fees and costs being awarded against her.

In her second motion, Mayo moves the Court to allow her to submit deposition pages that will exceed 50 pages, which will exceed the local rule's page limits.  See D.N.M. LR-Civ. 7.  Mayo urges the Court to use these depositions in ruling on her Title VII retaliation and discrimination claims.  Again, she urges the Court not to award Defined Fitness attorney's fees and costs.  The original depositions that are over the page limit are: (i) CEO Jeff Oliveira (original deposition 74 total pages); (ii) General Manager Andee Wright Brown (53 pages); (iii) Aerobics and Exercise Director Pattie Poindexter (71 pages); (iv) water fitness instructor Winona Sanchez (68 pages); (v) Mayo's first deposition (103 pages); and (vi) Mayo's second deposition (63 pages).

Although not entirely clear from the motions that Mayo has filed, it appears that she is seeking to submit the entire depositions of Oliveira, Brown, Poindexter, Sanchez, and herself for the Court's consideration in ruling upon Defined Fitness's Motion for Attorney's Fees and Costs.  Mayo also appears to be requesting permission to submit additional documentation to the Court that is not in

the record, apparently to help Mayo prove the underlying claims that the Court has dismissed.

## ANALYSIS

The tender of these entire depositions and the submission of the additional documents for the Court's consideration has no relevance to the sole issue pending before the Court. The sole issue is how much Mayo should be responsible for paying of Defined Fitness' attorney's fees and costs incurred in this litigation.

## I.    MAYO'S PROPOSED DOCUMENTS ARE NOT RELEVANT TO THE SOLE ISSUE PENDING BEFORE THIS COURT.

The depositions and documents that Mayo proposes to submit to the Court are not relevant, and the Court will exclude them from consideration. The Court should limit all evidence admitted regarding Defined Fitness's Motion for Attorney's Fees and Costs to relevant evidence. Evidence which is not relevant is not admissible. See Fed. R. Evid. 402.

The only relevant issues pending before the Court are whether Mayo's actions in initiating and/or pursuing this litigation were frivolous, unreasonable, or without foundation, even if not brought in subjective bad faith, and whether the record considered in the granting of the Motion to Dismiss and the Motion for Summary Judgment is devoid of evidence of discrimination. See Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978); Montgomery v. Yellow Freight Systems, Inc., 671 F.2d 412, 413 (10th Cir. 1982); Twilley v. Integris Baptist Medical Center, Inc., 16 Fed. App. 923, 926, 2001 U.S. Lexis 18173; 2001 Colo. J. C.A.R. 4087 (10th Cir. 2001)(unpublished opinion). The information that Mayo seeks to submit is not relevant to the sole issue pending before the Court.

The depositions and documents that Mayo proposes to submit to the Court relate only to

Mayo's belief that the Court erred in dismissing her claims or to her contention that her attorney of record did not produce evidence to contest the Motion to Dismiss and the Motion for Summary Judgment.  Mayo argues: "These evidentiary documents could help plaintiff state facts of Title VII Pattern of Discrimination and Counts stated on Plaintiff Amended Motion for Damages."  Motion to Allow Plaintiff Submit Evidence Exh[i]bit Not Included in Depositions in Order to State Supporting Facts, Title VII at 1.  Mayo also indicates "Plaintiff prays this Court used of these depositions in ruling by proving facts under Title VII, Retaliation, and Age discrimination."  Motion to Exceed the Page Limit in Plaintiff Evidentiary Deposit[i]ons at 1.  Following the dismissal of Mayo's claims, these issues are not relevant to the remaining issues.  Any proffered testimony or exhibits regarding the merits of her claims are not relevant in adjudicating how much Mayo should pay of Defined Fitness's attorney's fees and costs.  The Court has already determined the merits of this case and will not consider Mayo's evidentiary submissions insofar as they are submitted in an attempt to relitigate the merits of the case.  The Court will therefore exclude their introduction into evidence.  See Fed. R. Evid. 402.

## II.     MAYO HAS NOT SPECIFIED RELEVANT PORTIONS OF THE DEPOSITIONS OR DOCUMENTS WHICH THE COURT SHOULD CONSIDER.

Mayo submitted depositions and documents to the Court in their entirety without directing the Court to any particular portions which might be relevant to the issue how much she should pay of Defined Fitness's attorney's fees and costs.  At the conclusion of the February 26, 2004 hearing, the Court provided Mayo with the opportunity to submit additional documentation for the Court's consideration in adjudicating the Defendant's Motion for Attorney's Fees and Costs.  See Transcript

of Hearing at 36 (February 26, 2004).[1]  That opportunity was not, however, without restriction.  The Court specifically asked Mayo to mark or highlight specific portions of specific pages of relevant deposition testimony or other documents that she wanted to bring to the Court's attention.  See id. The Court did not contemplate the submission of the entire depositions.  The Court finds that it is not appropriate for the Court to expend its scarce resources reviewing entire depositions to determine which, if any, portions would assist Mayo in her attempt to reduce the Court's fee award.

III.    **TO THE EXTENT THAT MAYO'S SUBMISSIONS CONTAIN NEW ARGUMENTS, THEY ARE IMPERMISSIBLE.**

The Court held a hearing on the motion for fees on February 26, 2004 after allowing the parties sufficient time to fully brief their arguments.  The parties were further allowed sufficient time at the hearing to bring any additional arguments to the Court's attention.  The Court's ruling permitting Mayo to submit further evidence was not intended to allow Mayo to introduce new arguments through the use of this evidence.  By submitting depositions in their entirety, Defined Fitness argues that Mayo is attempting to introduce new arguments improperly.  To the extent that Mayo's evidentiary submissions following the February 26, 2004 hearing constitute new arguments, the Court finds that they are impermissible and the Court will not consider them.

**IT IS ORDERED** that the Plaintiff's Motion to Allow Plaintiff Submit Evidence Exh[i]bit Not Included in Depositions in Order to State Supporting Facts, Title VII and the Plaintiff's Motion to Exceed the Page Limit in Plaintiff Evidentiary Deposit[i]ons are denied.

---

[1] The Court's citations to the transcript of the hearing refer  to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Herlinda C. Mayo
Albuquerque, New Mexico

    *Pro se Plaintiff*

Bryan Fox
Tracy Wolf
Wolf & Fox, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendant*

-6-