# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

HERLINDA C. MAYO,

      Plaintiff,

vs.                                                                    No. CIV 02-0222 JB/RLP

FOWLER FITNESS, INC.,
(d/b/a Defined Fitness),

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Herlinda C. Mayo's Motion to Consider Plaintiff Finances in Order to Denied Defendant for Cost, Attorney's Fees, filed April 23, 2004 (Doc. 139). The primary issue is whether Mayo's financial situation counsels that the Court reduce or eliminate the fee and cost award in favor of Defendant Fowler Fitness, Inc. d/b/a Defined Fitness. Because the award is within Mayo's ability to pay, the Court does not see a reason to reduce or to eliminate the award.

## PROCEDURAL BACKGROUND

Mayo files this motion to reduce or eliminate the award of fees and costs that the Court has made to the Defendant, Fowler Fitness, Inc. d/b/a Defined Fitness. Defined Fitness filed a motion requesting $96,456.93 in fees and costs, but the Court awarded $15,493.02. See Memorandum Opinion and Order, filed June 15, 2004 (Doc. 150). At the time of the Court's February 26, 2004 hearing and oral award, Mayo had not submitted any evidence regarding her ability to pay any award.

In this motion, Mayo asks the Court to consider information submitted in prior motions, the

American Rule regarding attorney's fees, ethical rules regarding attorney's fees, and her financial situation. She indicates that she has inquired of attorneys in the community, seeking representation, but because of lack of financial resources, she has not been able to retain a third counsel to represent her in this case. Mayo represents that she paid her first counsel more than $10,000.00, and her second attorney, Sam Bregman, took over the case on a contingency arrangement. Mayo accuses her prior counsel of abuse, intimidation, unethical behavior, and obstruction of justice.

Mayo submits a number of documents, including her affidavit and her husband's affidavit. The documents reflect that Mayo has attempted to secure legal help. More important, they tell the Court something about Mayo's financial condition.

Mayo's husband works for the Federal Aviation Administration. They have two boys, ages 11 and 5. Mayo is an employee for at least one other health and fitness facility at Kirtland Air Force Base. She also appears to serve as an independent contractor for others. She receives $20.00 an hour for her services.

Mayo asserts that Defined Fitness damaged her financially and emotionally. She represents that she had to seek credit help and debt management counseling, in part because of this litigation against Defined Fitness. She argues that her attempts to transfer to a new position at Defined Fitness were the result of a need to get more hours and more income.

Mayo lists out her credit debt, which totals approximately $60,000.00. The Court has also reviewed her husband's financial disclosures. The Mayos have a home in Northeast Albuquerque appraised at $195,000.00. As of February 2004, they owe $176,987.18. His 401K plan has a balance of $125,218.17. They own several stocks in an Ameritrade account valued at $19,272.40, and a savings account with a balance of $2,988.27 to be used in emergency times. They also have a

checking account with a varying balance, but which does not contain a significant amount of money for long periods of time.

The Mayos own two timeshares, one in Orlando, Florida and one in Angel Fire, New Mexico. The Mayos do not know the resale value of the timeshares and are still making payments on the one in Angel Fire. The Mayos own a 2002 Dodge Grand Caravan and a 1987 Ford F-150 pickup.

Last year, they turned over almost all of their credit card debt to a debt management agency and pay $700.00 twice per month in an attempt to get their debt under control. Mr. Mayo's gross salary for 2003 was $110,112.23, with a net salary of $67,483.82. The parties have not included Ms. Mayo's income, because the expenses associated with teaching aerobics negate any income she may have.

Mr. Mayo states that his family has not done a good job living within its means and cannot afford to pay the legal fees associated with this case. Mr. Mayo attributes some of his financial problems to the legal fees in this case. Mr. Mayo states that, if the Court finds that they must pay all the legal fees in this case, then he will probably have no choice but to file bankruptcy.

Mayo urges the Court to consider the evidence and to not label her case as "frivolous." Mayo also asks again that the Court deny the entire motion. Mayo contends that she brought this case in good faith and that Defined Fitness' actions demonstrate bad faith and maliciousness. She asks the Court not to make an award that will impact her, her husband, and her children.

## **ANALYSIS**

The Court has, as Mayo has requested, taken into consideration Mayo's financial responsibilities with her children and her family. As the Court's prior opinion shows, it is not requiring her to pay all of Defined Fitness' fees and costs. There is no doubt the award will cause

hardship, but should not push the family into bankruptcy. The Court is not convinced that it needs to or should make a reduction solely because of her financial situation.

**IT IS ORDERED** that the Motion to Consider Plaintiff Finances in Order to Denied Defendant for Cost, Attorney's Fees is granted in part and denied in part. The Court has considered the Plaintiff's finances in determining the amount, if any, of any award of fees and costs. The Court will not, however, modify the award because of her financial situation.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Herlinda Mayo
Albuquerque, New Mexico

    *Pro se Plaintiff*

Bryan T. Fox
Tracy Wolf
Fox & Wolf, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendant*